UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUSBEL RAMON, | ) | |
| | ) | **Case No. 19-cv-01522** |
| Plaintiff, | ) | |
| v. | ) | **Hon. Judge John Z. Lee** |
| | ) | |
| ILLINOIS GASTROENTEROLOGY | ) | |
| GROUP, LLC, | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

1. Plaintiff, Rusbel Ramon ("Plaintiff"), brings this action against Defendant Illinois Gastroenterology Group, LLC ("Defendant") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.* ("ADEA"), the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et seq., and Illinois common law for Defendant discriminating against him on the basis of his race, national origin, gender, and age, for retaliating against him exercising his right under the FMLA, and for discharging him in retaliation for reporting workplace health and safety violations to the Occupational Safety and Health Administration ("OSHA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331, 1337, 1343, and 1345. This Court has supplemental jurisdiction over Plaintiff's Illinois Common Law Retaliatory Discharge claim pursuant to 28 U.S.C. §§ 1332 and 1367.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the

employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

4.     Plaintiff exhausted the administrative remedies necessary to assert the Title VII and ADEA claims contained herein by filing a charge of discrimination with the Equal Employment Opportunity Commission ("Exhibit A") and thereafter receiving a Notice of Right to Sue from the EEOC ("Exhibit B").  Plaintiff timely initiated this lawsuit within 90 days of his receipt of the Notice of Right to Sue.

## PARTIES

5.     Plaintiff is a Hispanic male of Mexican descent more than 40 years of age and is a resident of Bolingbrook, Will County, Illinois.

6.     At all times relevant, Defendant has been a limited liability company organized under the laws of the State of Illinois with its principal office in Gurnee, Illinois.

7.     At all times relevant to the allegations herein, Defendant was an "employer" of Plaintiff as that term is defined under the ADEA, 29 USC § 630(b), Title VII, 42 U.S.C. § 2000e(b), and the FMLA, 29 U.S.C. 2611(4).

8.     From October 2016 through November 2017, Plaintiff was an "employee" of Defendant as that term is defined under the ADEA, 29 USC § 630(f), Title VII, 42 U.S.C. § 2000e(f), and the FMLA, 29 U.S.C. 2611(3).

## FACTUAL ALLEGATIONS

9.     Plaintiff began employment with Defendant in or around August, 2015, as a lab technician.

10.     At all times relevant to the allegations herein, Plaintiff was meeting the reasonable work performance expectations of Defendant, so long as Defendant applied its work

performance standards equally to all employees similarly situated to Plaintiff.

11.  Plaintiff used FMLA leave in February, 2018, for his own serious health condition and again in March, 2018, to care for his ailing father.

12.  On or about March 27, 2018, Plaintiff contacted OSHA to inquire about the process for reporting a safety and health violation if he should to do so.

13.  On or about March 28, 2018, Plaintiff sent an email to employees, including Defendant's management, indicating that he would be proceeding forward with filing a report with OSHA regarding health and safety concerns in the workplace.

14.  On or about April 2, 2018, Plaintiff formally sent OSHA a written request for inspection of Defendant's workplace due to health and safety concerns.

15.  Plaintiff again requested FMLA leave in April to care for his special needs child.

16.  On or about April 6, 2018, while Plaintiff was on leave that he requested be counted as FMLA leave, Defendant terminated Plaintiff, ostensibly, for making slide labeling errors approximately 3 months earlier.

17.  A non-Hispanic, non-Mexican, female under 40 years of age who, to Plaintiff's knowledge, had not taken extensive FMLA leave or reported any workplace violations to OSHA had also made slide labeling errors but was not terminated.

## COUNT I
## (TITLE VII – RACE DISCRIMINATION)

18.  Plaintiff re-alleges paragraphs 1-10, and 16-17, and incorporates them as if fully set forth herein.

19.  Title VII makes it unlawful for an employer to discriminate against an employee on the basis of his or her race.

20.  By the conduct alleged herein, Defendant discriminated against Plaintiff on the

basis of his race when it terminated his employment.

21.     Plaintiff has suffered monetary loss and emotional distress as a result of Defendant's conduct.

22.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible race discrimination.

23.     Plaintiff demands to exercise his right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT I

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make him whole, including:

   a.  Injunctive relief;

   b.  Lost wages and other economic damages, if any;

   c.  Compensatory damages for pain and suffering;

   d.  Punitive damages;

   e.  Attorneys' fees and costs incurred in this action;

   f.  Such other relief as is just and equitable;

   g.  The plaintiff requests a jury trial of this action.

## COUNT II
## (TITLE VII –NATIONAL ORIGIN DISCRIMINATION)

24.     Plaintiff re-alleges paragraphs 1-10, and 16-17, and incorporates them as if fully set forth herein.

25.     Title VII makes it unlawful for an employer to discriminate against an employee on the basis of his or her national origin.

26.     By the conduct alleged herein, Defendant discriminated against Plaintiff on the basis of his national origin when it terminated his employment.

4

27.     Plaintiff has suffered monetary loss and emotional distress as a result of Defendant's conduct.

28.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible national origin discrimination.

29.     Plaintiff demands to exercise his right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make him whole, including:

a.   Injunctive relief;

b.   Lost wages and other economic damages, if any;

c.   Compensatory damages for pain and suffering;

d.   Punitive damages;

e.   Attorneys' fees and costs incurred in this action;

f.   Such other relief as is just and equitable;

g.   The plaintiff requests a jury trial of this action.

## COUNT III
## (TITLE VII - GENDER DISCRIMINATION)

30.     Plaintiff re-alleges paragraphs 1-10, and 16-17, and incorporates them as if fully set forth herein.

31.     Title VII makes it unlawful for an employer to discriminate against an employee on the basis of his or her gender.

32.     By the conduct alleged herein, Defendant discriminated against Plaintiff on the basis of his gender when it terminated his employment.

33.     Plaintiff has suffered monetary loss and emotional distress as a result of

5

Defendant's conduct.

34.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible gender discrimination.

35.     Plaintiff demands to exercise his right to a jury trial of this matter.

**PRAYER FOR RELIEF AS TO COUNT III**

**WHEREFORE**, the Plaintiff prays that the court order such relief as is necessary to make him whole, including:

   a.   Injunctive relief;

   b.   Lost wages and other economic damages, if any;

   c.   Compensatory damages for pain and suffering;

   d.   Punitive damages;

   e.   Attorneys' fees and costs incurred in this action;

   f.   Such other relief as is just and equitable;

   g.   The plaintiff requests a jury trial of this action.

**COUNT IV**
**(ADEA – AGE DISCRIMINATION)**

36.     Plaintiff re-alleges paragraphs 1-10, and 16-17, and incorporates them as if fully set forth herein.

37.     The ADEA makes it unlawful for an employer to discriminate against employees over 40 years of age on the basis of his or her age.

38.     By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of his age when it terminated his employment.

39.     Plaintiff has suffered monetary loss and emotional distress as a result of Defendant's conduct.

6

40.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible age discrimination.

41.     Plaintiff demands to exercise his right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT IV

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make him whole, including:

   a.  Injunctive relief;

   b.  Lost wages and other economic damages, if any;

   c.  Liquidated damages;

   d.  Attorneys' fees and costs incurred in this action;

   e.  Such other relief as is just and equitable;

   f.  The plaintiff requests a jury trial of this action.

## COUNT V
## (FMLA RETALIATION)

42.     Plaintiff realleges paragraphs 1-3, 4-11, and 15-17, and incorporates them if fully set forth herein.

43.     The FMLA prohibits employers from retaliating against employees for exercising their FMLA leave rights.

44.     During the time relevant to the allegations herein, Plaintiff's father and son had qualifying serious health conditions.

45.     During the 12 months preceding April 6, 2018, Plaintiff worked over 1250 hours for Defendant.

46.     As of April 6, 2018, Plaintiff was eligible for FMLA leave and had not exhausted his annual 12 week FMLA leave entitlement.

47.     Defendant had no legitimate cause to terminate his employment.

48.     By the conduct as alleged herein, Defendant terminated Plaintiff for exercising and requesting his FMLA leave rights.

49.     As a result of Defendant's conduct, Plaintiff has suffered loss of earnings, loss of benefits, and other financial harm.

50.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's rights.

51.     Plaintiff demands to exercise his right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT V

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make him whole, including:

a.  Injunctive relief;

b.  Lost wages and/or other economic damages;

c.  Liquidated damages;

d.  Attorneys' fees and costs incurred in this action;

e.  Such other relief as is just and equitable;

f.  The plaintiff requests a jury trial of this action.

## COUNT VI
## (ILLINOIS COMMON LAW RETALIATORY DISCHARGE)

52.     Plaintiff pleads this count in the alternative.

53.     Plaintiff realleges allegations 1-3, 5-6, 9-10, 12-14, and 16-17 with the same force and effect as if more fully set forth herein.

54.     Illinois courts have recognized a limited exception to the at-will employment rule in cases where an employee is fired in violation of an established public policy, such as being

terminated for reporting workplace health and safety violations to OSHA.

55.     Plaintiff expressed to his employer his intent to report health and safety violations to OSHA and then formally requested that his workplace be inspected due to health and safety concerns.

56.     Four days after formally requesting inspection, Plaintiff was terminated from employment by Defendant without legitimate cause or justification.

57.     By the conduct alleged herein, Defendant terminated Plaintiff without legitimate cause or justification in violation of established public policy after he reported health and safety concerns to OSHA.

58.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

## PRAYER FOR RELIEF AS TO COUNT VI

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

   a.   Injunctive relief;

   b.   Lost wages and/or other economic damages;

   c.   Compensatory damages;

   d.   Punitive damages (if available);

   e.   Such other relief as is just and equitable;

   f.   The plaintiff requests a jury trial of this action.

**RUSBEL R. RAMON**

By:/s/Michael T. Smith
Michael T. Smith
Trial Attorney for Plaintiff

MICHAEL T. SMITH
Law Offices of Michael T. Smith
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RUSBEL RAMON,** | ) | |
| | ) | **Case No. 19-cv-01522** |
| Plaintiff, | ) | |
| v. | ) | **Hon. Judge John Z. Lee** |
| | ) | |
| **ILLINOIS GASTROENTEROLOGY** | ) | |
| **GROUP, LLC,** | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | | RECEIVED EEOC |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | | FEPA | 440-2018-05919 |
| | X | EEOC | |
| | | | and EEOC |

| State or local Agency, if any | CHICAGO DISTRICT OFFICE |
|---|---|

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Mr. Rusbel Ramon | | |
| STREET ADDRESS          CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) | |
|---|---|---|---|
| Illinois Gastroenterology Group, LLC., | 201-500 | (847) 549-1312 | |
| STREET ADDRESS     CITY, STATE AND ZIP CODE | | | COUNTY |
| 1415 S. Arlington heights, Illinois 60005 | | | Cook |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |
| STREET ADDRESS     CITY, STATE AND ZIP CODE | COUNTY |
| | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| | EARLIEST (ADEA/EPA)     LATEST (ALL) |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| X | RACE | | COLOR | X | SEX | | RELIGION |
| X | RETALIATION | | NATIONAL ORIGIN | | DISABILITY | | |

X AGE

OTHER (Specify)

Hostile Environment

02/09/2018          April 6, 2018

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on August 25, 2015. My most recent position is Lab Tech 11. I believe that I have been held to different terms and conditions of employment, subjected to excessive discipline and retaliated against for engaging in a protected activity because of my race (Hispanic), my National Origin (Mexican), my age 51 and my sex (Male). Further, the Respondent retaliated against me for requesting FMLA leave.

I believe that I have been discriminated against because of my sex, race and national origin in violation of Title VII of the Civil Rights Act of 1964 as amended; discriminated against because of my age in violation of the Age Discrimination in Employment Act of 1967 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| RAmon, Rusbel. | |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date 05/10/2018          Charging Party (Signature) | |

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RUSBEL RAMON,** | ) | |
| | ) | **Case No. 19-cv-01522** |
| Plaintiff, | ) | |
| v. | ) | **Hon. Judge John Z. Lee** |
| | ) | |
| **ILLINOIS GASTROENTEROLOGY** | ) | |
| **GROUP, LLC,** | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

# EXHIBIT B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Rusbel Ramon<br>c/o Michael T. Smith, Esq.<br>10 N. Martingale Road #400<br>Schaumburg, IL 60173 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEEC Representative | Telephone No. |
|---|---|---|
| 440-2018-05919 | Brandi Kraft,<br>Investigator | (312) 869-8153 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Julianne Bowman,
District Director

12/3/18
*(Date Mailed)*

Enclosures(s)

cc:

**ILLINOIS GASTROENTEROLOGY GROUP, LLC**
c/o Laurie Holmes, Esq.
Drinker, Biddle, & Reath
191 N. Wacker Dr., #3700
Chicago, IL 60606